UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

KENNY H. SHELL                                                                     PLAINTIFF

VS.                                               CIVIL ACTION NO: 1:25-CV-018-GHD-RP

BAUHAUS FURNITURE GROUP, LLC                                       DEFENDANT

---

## OPINION

---

Presently before the Court is the Defendant's motion for summary judgment [32] in this employment discrimination matter. Upon due consideration and for the reasons set forth below, the Court finds the motion should be granted and the Plaintiff's claims dismissed.

### I.  Background

The Plaintiff, a black male, was employed by the Defendant, which was a furniture manufacturer, as a general maintenance helper and then supervisor in Saltillo, Mississippi, beginning in 2013 [Compl., Doc. 1, at pp. 1-2].[1] The Defendant terminated the Plaintiff's employment on March 22, 2024 [Doc. 1, at p. 2]. The reasons given for the Plaintiff's termination were "Involuntary Lay off" and "Company Cut backs/layoff." [36-2].

On April 11, 2024, the Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging racial and age discrimination under Title VII and the Age Discrimination in Employment Act ("ADEA") [Doc. 1-1]. The EEOC subsequently issued the Plaintiff a Right to Sue letter [Doc. 1-2], and the

---

[1]  The Court notes the Defendant ceased business operations in March 2025 [33, at p. 1].

Plaintiff timely filed his complaint in this matter [Doc. 1]. In his complaint, the Plaintiff alleges racial discrimination under Title VII and 42 U.S.C. § 1981, and age discrimination under the ADEA, against the Defendant. The Defendant now moves for summary judgment as to all claims.

## II.    Standard of Review

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(a)). The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322.

The party moving for summary judgment bears the initial responsibility of informing the Court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine dispute of material fact. *Id.* "An issue of fact is material only if 'its resolution could affect the outcome of the action.'" *Manning v. Chevron Chem. Co., LLC*, 332 F.3d 874, 877 (5th Cir. 2003) (quoting *Wyatt v. Hunt Plywood Co.*, 297 F.3d 405, 408 (5th Cir. 2002)). The burden then shifts to the nonmovant to "go beyond the pleadings and by . . . affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324; *Littlefield v. Forney Indep. Sch Dist.*, 268 F.3d 275, 282 (5th Cir. 2001); *Willis v. Roche Biomedical Labs., Inc.*, 61 F.3d 313,

315 (5th Cir. 1995). The Court "resolve[s] factual controversies in favor of the nonmoving party, but only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Antoine v. First Student, Inc.*, 713 F.3d 824, 830 (5th Cir. 2013) (quoting *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005)). "[T]he nonmoving party 'cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence.'" *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007) (quoting *Turner v. Baylor Richardson Medical Center*, 476 F.3d 337, 343 (5th Cir. 2007)).

## III.    Analysis

### A.    Racial Discrimination under Title VII and 42 U.S.C. § 1981

The Plaintiff asserts the Defendant violated Title VII and 42 U.S.C. § 1981 by discriminating against him because of his race.[2]  Under Title VII, it is "an unlawful employment practice for an employer . . . to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1).

The Plaintiff alleges the Defendant discriminated against him based upon his race in connection with the termination of his employment.  Given the lack of direct evidence of discrimination, to move past summary judgment, the Plaintiff may show discrimination occurred through circumstantial evidence.  To do so, he must first establish a *prima facie* case of discrimination by providing evidence that (1) he is a member of a protected class;

---

[2]    Race discrimination claims brought under 42 U.S.C. § 1981 require the same proof as those brought under Title VII. *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 992 (5th Cir. 2005) (citing *Raggs v. Miss. Power & Light Co.*, 278 F.3d 463, 468 (5th Cir. 2002)).

(2) he was qualified for his position; (3) he was subjected to an adverse employment action; and (4) he was replaced by someone outside the protected class or was treated less favorably than employees outside the protected class. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 509 (1993); *Price v. Fed. Express Corp.*, 283 F.3d 715, 720 (5th Cir. 2002).

If the Plaintiff provides such evidence, the Defendant must then produce evidence of the existence of a legitimate, non-discriminatory reason for the termination decision. *Alvarado v. Texas Rangers*, 492 F.3d 605, 611 (5th Cir. 2007) (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142 (2000)). If the Defendant does so, then the burden shifts back to the Plaintiff to produce evidence that either (1) the Defendant's "proffered reason is not true but is instead a pretext for discrimination;" or (2) the Defendant's "reason, while true, is not the only reason for its conduct, and another 'motivating factor'" for the termination is the Plaintiff's race. *Id.* (citing *Rachid v. Jack in the Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004)).

In the case *sub judice*, the Court finds the Plaintiff has established a *prima facie* case of discrimination – the Plaintiff is a black male, was qualified for the position he held, was subjected to an adverse employment action, and was indisputably replaced by a white male. Accordingly, the burden shifts to the Defendant to articulate a legitimate, non-discriminatory reason for the Plaintiff's termination.

The Defendant's primary proffered reason for the Plaintiff's termination from employment is that the Plaintiff indisputably violated the Defendant's attendance policy and subjected himself to termination by accumulating more than twelve "points" in a six month period for tardiness, leaving work early, or missing a day of work entirely [33, at

4

3].[3] Given that the Defendant has proffered this facially non-discriminatory reason for the Plaintiff's termination, the burden now shifts back to the Plaintiff to produce evidence that either (1) the Defendant's proffered reason is not true but is instead a pretext for discrimination; or (2) the Defendant's reason, while true, is not the only reason for its conduct, and another 'motivating factor' for the termination was the Plaintiff's race.

In order to meet this burden and overcome summary judgment, the Plaintiff must provide evidence of "sufficient 'nature, extent, and quality' to permit a jury to *reasonably* infer discrimination." *Owens v. Circassia Pharm., Inc.*, 33 F.4th 814, 826 (5th Cir. 2022) (citing *Crawford v. Formosa Plastics Corp., La.*, 234 F.3d 899, 903 (5th Cir. 2000)) (emphasis added). This may be accomplished through "various forms of circumstantial evidence, including evidence of disparate treatment or evidence tending to show [Defendant's] 'explanation is unworthy of credence.'" *Id.* (quoting *Reeves*, 530 U.S. at 147). However, this evidence must be "substantial" or "of such quality or weight that reasonable and fair-minded [triers of fact] . . . might reach different conclusions." *Id.* (quoting *Laxting v. Gap Inc.*, 333 F.3d 572, 579 (5th Cir. 2003)).

The Court finds the Plaintiff has failed to proffer sufficient evidence to meet his burden and show there is a genuine issue of material fact regarding the Defendant's proffered reason for termination and whether it is true or is a pretext for discrimination. Specifically, the Plaintiff's *sole* argument regarding pretext or discrimination is that the Defendant's currently proffered reason for termination - the Plaintiff's undisputed violation of the Defendant's attendance policy - differs from its stated reason for termination at the time the Plaintiff's employment ended, which was "Involuntary Lay off" and "Company

---

[3] The Plaintiff indisputably accumulated fourteen points in the month of February 2024.

5

Cut backs/layoff." The Plaintiff offers no other evidence whatsoever of pretext or discrimination and he does not assert that any racist or ageist comments were made or any racist or ageist conduct occurred. Instead, he solely argues this alleged inconsistency carries the case beyond summary judgment.

The Plaintiff is incorrect. The Fifth Circuit has made clear that an inconsistency in the employer's stated reasons for termination, without more, is not sufficient to show that a genuine issue of material fact exists as to whether the employer's proffered explanation was a pretext for race or age discrimination.[4] In *Bennett v. Consol. Gravity Drainage Dist. No. 1*, 648 F. App'x. 425, 430 (5th Cir. 2016), the Fifth Circuit affirmed the district court's grant of summary judgment to the employer. The *Bennett* plaintiff argued that the employer's proffered explanations to the district court were pretextual because the employer had offered inconsistent justifications for the plaintiff's termination to the EEOC and the district court. *Bennett*, 648 F. App'x. at 430–31. The Fifth Circuit disagreed, and explained that even if the submissions were inconsistent, "in those cases in which we have focused on inconsistent rationales, there has been otherwise strong evidence of pretext."[5] *Id.* The Court went on to reiterate "[f]or an employer to be liable for discrimination under Title VII, the employee must establish *not only* that the employer's purported basis for termination was pretextual, *but also* 'that the real reason was intentional discrimination.'"

---

[4]  In the case *sub judice*, the Court finds it is not clear the Defendant's now-proffered reason is actually inconsistent with the previously-given reason.

[5]  In any event, the Plaintiff here does not allege the Defendant made any inconsistent statements to the EEOC related to the Plaintiff's Charge of Discrimination. Inconsistent statements to the EEOC and the subject district court are the subject of most of the pertinent caselaw regarding this issue. See, e.g., *Bennett*, 648 F. App'x. at 430–31.

*Bennett*, 648 F. App'x at 431 (quoting *St. Mary's Honor Ctr.*, 509 U.S. at 515–17) (emph. added); *Laxton v. Gap, Inc.,* 333 F.3d 572, 578 (5th Cir. 2003).

Here, the Plaintiff has presented neither significant inconsistencies nor other evidence - much less "strong" evidence - of pretext. This failure is fatal to the Plaintiff's claims. See, e.g., *Harper v. Fort Bend Indep. Sch. Dist.*, No. CV H-16-1678, 2017 WL 1881971, at *10 (S.D. Tex. May 9, 2017).

Accordingly, the Court finds the Plaintiff has failed to demonstrate the existence of a genuine issue of material fact regarding his racial discrimination claim, and that claim shall be dismissed.

## B. Age Discrimination under the ADEA

The Plaintiff next asserts the Defendant violated the ADEA when it terminated his employment. Under the ADEA, it is unlawful for an employer "to discharge any individual . . . because of such individual's age." 29 U.S.C. 623(a)(1).

As with his Title VII claim, to move past summary judgment on his ADEA claim, the Plaintiff must show that discrimination occurred through direct evidence or through circumstantial evidence using the Title VII burden-shifting framework. *McDaniel v. National R.R. Passenger Corp.*, 705 F. App'x. 240, 244-45 (5th Cir. 2017); *Moss v. BMC Software, Inc.*, 610 F.3d 917, 922 (5th Cir. 2010). Accordingly, the Plaintiff must first establish a *prima facie* case of discrimination by providing evidence that (1) he belongs to a protected class; (2) he was qualified for the subject position; (3) he suffered an adverse employment action; and (4) he was replaced by someone outside the protected class, or he can show that other similarly situated employees were treated more favorably. *St. Mary's Honor Ctr.*, 509 U.S. 502 at 509; *McDonnell Douglas Corp.*, 411 U.S. at 802. If the

Plaintiff establishes a *prima facie* case, the Defendant must then produce evidence of the existence of a legitimate, non-discriminatory reason for the subject adverse action. *Alvarado*, 492 F.3d at 611 (citing *Reeves*, 530 U.S. at 142). If the Defendant does so, then the burden shifts back to the Plaintiff to produce evidence that the Defendant actually took the adverse action *because of* the Plaintiff's age. *Gross v. FBL Financial Servs., Inc.*, 557 U.S. 167, 176 (2009). Unlike a Title VII discrimination analysis, however, under the ADEA, the "ultimate burden of persuasion is on the plaintiff to prove that age was the *but-for* cause of the challenged employer decision." *Inmon v. Mueller Copper Tube Co., Inc.*, 757 F. App'x 376, 380 (5th Cir. 2019) (citing *Gross*, 557 U.S. at 178-79) (internal quotation marks omitted) (emphasis added). "Proving that age was a 'motivating factor' for the decision is not enough." *Ford-Kee v. Miss. Valley State Univ.*, No. 4:23-cv-107-SA-JMV, 2024 WL 5150647, *11 (N.D. Miss. Dec. 17, 2024) (citing *McMichael v. Transocean Offshore Deepwater Drilling, Inc.*, 934 F.3d 447, 455 (5th Cir. 2019)).

In the case *sub judice*, as with his Title VII claim, the Court finds the Plaintiff has established a *prima facie* case of age discrimination. Accordingly, the burden shifts to the Defendant to articulate a legitimate, non-discriminatory reason for the Plaintiff's termination. The Defendant's proffered reason for the Plaintiff's termination, as noted above, is the Plaintiff's violation of the Defendant's attendance policy. Given that the Defendant has proffered a facially non-discriminatory reason for the Plaintiff's termination, the burden now shifts back to the Plaintiff to produce evidence that the Defendant actually terminated his employment *because of* his age.

The Plaintiff has not met his burden. As noted above with respect to his Title VII claim, the Plaintiff's *sole* argument regarding pretext or discrimination is that the

8

Defendant's currently proffered reason for termination - the Plaintiff's undisputed violation of the Defendant's attendance policy - differs from its stated reason for termination at the time the Plaintiff's employment ended, which was "Involuntary Lay off" and "Company Cut backs/layoff." The Plaintiff offers no other evidence whatsoever of pretext or discrimination, and he does not assert that any ageist comments were made or any ageist conduct occurred. As with the Plaintiff's Title VII claim, without additional evidence of pretext or discrimination (of which the Plaintiff offers none), this is plainly insufficient to overcome summary judgment. *Bennett*, 648 F. App'x. at 430 ("in those cases in which we have focused on inconsistent rationales, there has been otherwise strong evidence of pretext.").

Given this finding, the Court finds the Plaintiff has not provided sufficient evidence to show that a genuine issue of material fact exists regarding his ADEA claim, and summary judgment in favor of the Defendant as to this claim is therefore warranted.

## IV.     Conclusion

For all of the foregoing reasons, the Court finds the Defendant's motion for summary judgment should be granted. The Court finds there is no genuine issue of material fact with respect to the Plaintiff's claims for race and age discrimination in relation to his termination from employment, the Defendant is entitled to judgment as a matter of law, and the Plaintiff's claims shall therefore be dismissed.

An order in accordance with this opinion shall issue this day.

This, the _8_ day of May, 2026.

SENIOR U.S. DISTRICT JUDGE

9